UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WRIGHT,<br>      Petitioner,<br><br>vs.<br><br>WARDEN, NOBLE<br>CORRECTIONAL INSTITUTION,<br>      Respondent. | Case No. 2:16-cv-448<br><br>Dlott, J.<br>Bowman, M.J.<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate at the Noble Correctional Institution, has filed a petition for a writ of habeas corpus challenging his 2012 Hamilton County, Ohio felonious assault conviction and sentence. This matter is now before the Court on respondent's motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit because it is a successive petition within the meaning of 28 U.S.C. § 2244(b), which this Court lacks jurisdiction to consider without prior circuit court authorization. (Doc. 16). Although petitioner was granted an extension of time until November 8, 2016 to respond to the motion, petitioner has not filed a response in opposition. (*See* Doc. 17).

Petitioner raises the following five grounds for relief in the petition:

**GROUND ONE**: The State trial court deprived the petitioner his right to due-process of a final order, because of a pending motion for new trial that requires its denial on the final sentencing entry in violation to the Fourteenth Amendment to the United States Constitution.

**GROUND TWO**: The State trial court committed "structural error" to the prejudiced [sic] of the Petitioner, by reassigning the case to improperly assigned visiting judge who has no duty to make rulings or judgment on the case of no assignment and had a direct, personal, substantial, precuniary interest in reaching a conclusion against him in his case in violation to his Fourteenth Amendment right to a fair trial.

**GROUND THREE**: The State trial court deprived the petitioner for a final appealable order and therefore the time to address jail-time credit has not yet commenced, because his sentence is completely void do [sic] to there being no

judgment of the State trial court in violation to the Fourteenth Amendment.

**GROUND FOUR**: The petitioner is consider [sic] under law as a pretrial detainee, because he was not duly convicted, sentenced and imprisoned for crimes in accordance with the laws for the State of Ohio and is being subjected to involuntary servitude in violation to the Thirteenth and Fourteenth Amendments of the United States Constitution.

**GROUND FIVE**: The State trial court failed to journalize the petitioner's denial of his motion for new trial on the face of the judgment entry and therefore constitutes a false imprisonment under Ohio law in violation to the Thirteenth and Fourteenth Amendments of the United States Constitution.

(Doc. 1, Petition at PageID 4–13).

This is not the first federal habeas corpus petition filed by petitioner with this Court challenging his Hamilton County conviction and sentence. On February 19, 2015, petitioner filed his first habeas petition. *See Wright v. Warden*, Case No. 1:15-cv-123 (S.D. Ohio Feb. 19, 2015) (Dlott, J.; Bowman, M.J.) (Doc. 1). In his amended petition filed in that case, petitioner raised the following six grounds for relief:

**GROUND ONE**: The State court committed "structural error" to the prejudiced of the Petitioner, by reassigning his case to a improperly assigned visiting judge who has no duty to make rulings or judgment on a case and had a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case by committing multiple "structural error(s)" at trial in violation to the Sixth and Fourteenth Amendments of the United States Constitution.

Supporting facts: Presiding Judge Nadine Allen improperly reassigned Petitioner's case she was responsible for hearing to a improperly assigned visiting judge, Judge Richard Niehaus. Judge Niehaus, clearly had some kind of direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case, because he can not show how he was being compensated do to his improper assignment and we can assume he's not working for free as a retired judge. Also, it raises the question of why would he put his lively-hood on the line and risk being impeached from office and disbarred for failing to comply with the Ohio Rules of Judicial Conduct for proper assignment to a case.

2

**GROUND TWO**: Petitioner was denied his rights of due-process and assistance of trial and appellate counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, because his state-appointed attorney's provided ineffective assistance.

Supporting facts: There is no way for a trial or appellate counsel to challenge a "structural error" of bias and prejudiced judge by a motion for a new trial or by the state's "standard," "established," "normal" appellate review process.

**GROUND THREE**: The State court deprived the Petitioner of his right to due process and equal protection under the law by intentionally failing to enter a final appealable order pursuant to Crim. R. 32(C) and Ohio App.R. 4(B)(3)(b), in violation to the Fourteenth Amendment of the United States Constitution.

Supporting facts: The improperly assigned visiting judge clearly stated in the records that Petitioner could appeal his decision to deny the motion for new trial and until this is journalized there can be no final appealable order, because a notice of appeal file[d] prior to that entry is premature under Ohio law. (T.p. 283 at 4-12).

**GROUND FOUR**: Petitioner was denied his rights of due-process and assistance of trial and appellate counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, because his state-appointed attorney's provided ineffective assistance.

Supporting facts: Petitioner's state-appointed attorney's [sic] failed to see to it [that] the State court's denial of the motion for new trial was journalized and therefore lacks a final appealable order. (T.p. 283 at 4-12, Page ID 1155). Petitioner requested to appeal his case and included appealing this decision from a improperly assigned visiting judge.

**GROUND FIVE**: Petitioner was denied his rights of due-process and assistance of trial and appellate counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, because his state-appointed attorney provided ineffective assistance.

Supporting facts: Petitioner's trial counsel and the State court failed their duties to address jail-time credit on the face of the sentencing entry and is plain-error under Ohio law. See (Doc. 11, Exhibit 16, Page ID 429-430). Under Ohio law the sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination for jail-time credit pursuant to R.C. § 2929.19(B)(2)(g)(iii) Sentencing hearing. Because, Petitioner's trial counselor and the State court failed their duties to address jailtime credit at

>sentencing, Petitioner is now required to file his own pro se motion into the State court for a matter he was entitled to his Sixth Amendment right to counsel. And if the Petitioner was to file his own pro se motion, both the presiding judge or the visiting judge is bias and prejudiced to proceed over the proceedings and there is no way to address the previous structural error that now continues on to addressing jail-time credit. And there is no final appealable order so there is no reason for them to address jail-time credit.
>
>**GROUND SIX**: The State court deprived the Petitioner his right to due-process and equal protection under the law by failing to duly try, convict, sentence and imprison him for crimes in accordance with the law in violation to the Thirteenth and Fourteenth Amendments to the United States Constitution.
>
>Supporting facts: Petitioner does not have a final appealable order, because the improperly assigned visiting judge used a sham legal process and place[d] the Petitioner in a state of involuntary servitude an [sic] constitutes false imprisonment under Ohio law.

(*Id.* at Doc. 14). On July 8, 2016, the Court adopted a Report and Recommendation to dismiss the petition on the ground that the petition was time-barred under 28 U.S.C. § 2254(d). (*Id.* at Doc. 40).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

4

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id. See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000). The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,*

5

137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[1]

The Supreme Court has held that a habeas corpus petition is not successive and § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). Although the *Magwood* Court expressly declined to address whether the petitioner is allowed to challenge "not only his resulting, *new* sentence, but

---

[1] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

6

also his original, *undisturbed* conviction" in the subsequent application, *see id.* at 342 (emphasis in original), the Sixth Circuit has recently held that "a new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015), *reversing*, No. 1:12cv2000, 2013 WL 5531365 (N.D. Ohio Sept. 26, 2013); *see also In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).

In this case, petitioner is attacking the same conviction and sentence challenged in his prior petition,[2] which the court adjudicated on the merits. To the extent that petitioner raises claims that were presented in petitioner's prior habeas petition, these claims are successive under § 2244(b)(1). With respect to any new claims presented in the instant petition, petitioner has not argued nor does it appear that petitioner's claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court or that the factual basis for the claim could not have been discovered previously. In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application. Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

Accordingly, the undersigned concludes that petitioner's petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas petition

---

[2] Therefore, this case does not involve any intervening "new judgment" that falls within the exception recognized in *King, In re Stansell,* and *Magwood* for bypassing the requirements governing second or successive petitions that is set forth in 28 U.S.C. § 2244(b).

was adjudicated on the merits and petitioner is not contesting any "new judgment" in this proceeding.  Moreover, as to petitioner's new claims for relief in the instant petition, the claims are successive under 28 U.S.C. § 2244(b)(2) because petitioner has not shown they rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable, or that the factual basis for the claims could not have been discovered previously through the exercise of due diligence.

In sum, because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit.  When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).  Therefore, respondent's motion to transfer the instant petition to the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain it (Doc. 16) should be **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a successive habeas petition within the meaning of 28 U.S.C. § 2244(b), respondent's motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit (Doc. 16) be **GRANTED**.

      *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER WRIGHT,  Case No. 2:16-cv-448
    Petitioner,

                             Dlott, J.
    vs.                      Bowman, M.J.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).